IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

DVASH AVIATION HOLDINGS, LLC,   )
                                               )       Case No. 0:25-cv-61147

        Plaintiff,                 )

                                               )

v.                                         )

                                              )

DAVID ALAN BOYER                 )
a/k/a ALAN BOYER                  )

                                              )

and                                     )

                                              )

JOEL PLASCO,                    )

                                              )

        Defendants.              )

## COMPLAINT

Comes now Dvash Aviation Holdings, LLC ("Dvash"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 3, and as and for its complaint (the "Complaint") against David Alan Boyer a/k/a Alan Boyer ("Mr. Boyer") and Joel Plasco ("Mr. Plasco") (Messrs. Boyer and Plasco being collectively known as the "Defendants") states as follows:

### Introduction

1. This is a simple action for breach of contract, but originates from repeated breaches of trust and breaches of contract by Messrs. Boyer and Plasco.

2. At all times relevant to this Complaint, Messrs. Boyer and Plasco were business partners. They were involved, among other things, in the purchase, sale, maintenance, repair and leasing of jet engines, domestically and internationally, through a web of companies they owned, managed or controlled. Messrs. Boyer and Plasco, and the businesses they have operated, have a

1

lengthy history of bankruptcies, litigation, regulatory and banking investigations and numerous business disputes arising from their business activities.

3.     Beginning in 2017, Messrs. Boyer and Plasco encouraged Dvash to purchase jet engines that Messrs. Boyer and Plasco would identify, repair as necessary in facilities owned and operated by the Defendants and then lease or sell them to third parties whom Messrs. Boyer and Plasco would help find.  The Defendants agreed to facilitate the arrangements relating to all aspects of the Dvash jet engine purchases, maintenance, leasing and sales activity (except for actual funding of the activity, which would be handled by Dvash) in exchange for the profits the Defendants and their companies would make on their dealings as intermediaries in the transactions and their ability to leverage further development of their jet engine-related business activities through their increased industry involvement arising from Dvash's investment activity.

4.     Following a series of business dealings between the parties—including (i) two instances of the misdirection of payments that were supposed to be made by third-parties to Dvash that were, instead, made to companies owned and controlled by Messrs. Boyer and Plasco and not forwarded to Dvash; (ii) the failure of the Defendants to deliver an engine they contracted to sell to Dvash and for which Dvash paid; and (iii) the improper retention by another Defendant-operated company of a jet engine owned by Dvash that was supposed to be sold for the benefit of Dvash— Messrs. Boyer and Plasco entered into a written agreement (the "Contract") with Dvash on October 28, 2021, in which they acknowledged being personally liable to Dvash for the monies they owed and set out a payment plan to satisfy their admitted obligations.  *See* Contract, attached hereto as Exhibit A.

5.     Messrs. Boyer and Plasco have defaulted on their obligations. Dvash therefore brings this action to collect the funds it is lawfully owed.

**Parties**

6.      Dvash is a limited liability company formed pursuant to the laws of the State of Maryland. Dvash is a citizen of the State of Maryland since its sole member is a natural person who is a citizen of the State of Maryland.

7.      Mr. Boyer is a natural person who, upon information and belief, is a citizen of the State of Florida on account of his ongoing maintenance of a domicile in Miami-Dade County.

8.      Mr. Plasco is a natural person who, upon information and belief, is a citizen of the State of New York on account of his ongoing maintenance of a domicile in New York City.

**Jurisdiction and Venue**

9.      This Honorable Court has jurisdiction over this action pursuant to Section 1332(a) of Title 28 of the United States Code, as the amount in controversy exceeds $75,000.00 and this case is between a citizen of Maryland and citizens of Florida and New York.

10.     Venue is properly in this Court pursuant to Section 1391 of Title 28 of the United States Code, as (i) Mr. Boyer resides in the Southern District of Florida; (ii) a significant portion of the events at issue *sub judice* occurred in the Southern District of Florida; and (iii) the Contract§ expressly provides, *inter alia*, "that venue for the pursuit of any claims under this binding term sheet shall be in the State of Florida.."

**General Allegations**

11.     Dvash is in the business of owning, leasing and selling jet engines.

12.     At all times relevant to this Complaint, the Defendants were involved in numerous businesses and services connected to the airplane and jet engine industries, including businesses that bought, sold, maintained, repaired, stored, leased and sold jet engines.  The Defendants also acted as intermediaries on behalf of investors interested in the jet engine leasing business, serving

as their representatives in many aspects of the business arrangements and execution, except for funding.

13.     Dvash and the Defendants engaged in business on various occasions over several years, with the Defendants often operating through a series of legal entities of which they were equity holders, officers, directors and/or managers.

14.     In October 2021, the Defendants acknowledged owing Dvash a significant sum of money in connection with various deals—or attempted deals—for which Dvash had entered into business arrangements with or though the Defendants. *See* Contract, attached hereto as Exhibit A.

15.     Specifically, the Defendants acknowledged owing Dvash (i) One Hundred Fifty Thousand Dollars ($150,000.00) in connection with the refund of monies Dvash had paid for a jet engine (ESN 752375) that was never delivered; (ii) Forty Thousand Dollars ($40,000.00) for a third-party monthly jet engine lease payment (for ESN 856293) that the lessee was supposed to be pay to Dvash but the payment was either mistakenly sent to the Defendants or intentionally misdirected by the Defendants to be paid to them; (iii) Four Hundred Eight Thousand Dollars ($408,000.00) for a downpayment on an engine lease purchase agreement ( for ESN 721509) that was supposed to be wired to Dvash, but was intentionally misdirected by Defendants to another one of their accounts through  an act of forgery and wire fraud; and (iv) Three Hundred Thousand Dollars ($300,000.00) for the agreed value of a jet engine (ESN 856293) belonging to Dvash that was supposed to be sold by the Defendants for the benefit of Dvash, but which Defendants did not sell and either held in their inventory or sold without reporting the sale to Dvash.

16.     Under the Contract, the Defendants promised to pay Dvash (a)  Two Hundred Eight Thousand Dollars ($208,000.00) on or before December 31, 2021; and (b) the sum of Twenty Five Thousand Dollars  ($25,000.00) per month, for thirty-six (36) months (for a total of $900,000),

with an option for the number of months to decline if the payment of Two Hundred Eight Thousand Dollars ($208,000.00) was timely made.

17.     No payments have been made by the Defendants under the terms of the Contract. The entire amount of One Million One Hundred Eight Thousand Dollars and No Cents ($1,108,000.00) remains owing.

18.     Dvash has made numerous demands for payment of the amounts owed, but the demands have been ignored.

### Count I – Breach of Contract

19.     Dvash incorporates paragraphs 1-18 of this Complaint, as though fully set forth herein.

20.     On October 28, 2021, the Defendants and Dvash executed the Contract, wherein the Defendants acknowledged owing Dvash the monies set forth *supra* and committed to repaying said monies on a specified timetable in negotiated sums.

21.     The Defendants have failed, at all times since, to pay any monies to Dvash.

22.     Dvash has performed fully under the Contract.

23.     As a direct and proximate result of the Defendants' failure to honor their contractual obligations, Dvash has suffered a monetary loss in a sum equal to the funds it was to be paid under the Contract.

24.     Dvash is still owed the sum of One Million One Hundred Eight Thousand Dollars and No Cents ($1,108,000.00) under the Contract, along with prejudgment interest, attorney fees and costs, as provided by law and the terms of the Contract.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) enter judgment in favor of Dvash, and against the Defendants, jointly and severally, in the principal sum of One Million

One Hundred Eight Thousand Dollars and No Cents ($1,108,000.00); (ii) enter judgment in favor

of Dvash, and against the Defendants, jointly and severally, for prejudgment interest as provided

by law, and attorneys' fees and suit costs incurred by Dvash in connection with this matter, as

expressly allowed by the Contract; and (iii) afford such other and further relief as may be just and

proper.

 

 

Respectfully Submitted,

THE VERSTANDIG LAW FIRM, LLC


/s/ Maurice B. VerStandig
Maurice B. VerStandig
Bar No. 76723
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
E-mail: mac@mbvesq.com
*Counsel for Dvash Aviation Holdings, LLC*