IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

| | |
|---|---|
| DVASH AVIATION HOLDINGS, LLC, | ) |
| | ) Case No. 0:25-cv-61147-WPD |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID ALAN BOYER | ) |
| a/k/a ALAN BOYER, *et al.* | ) |
| | ) |
| Defendants. | ) |

**<u>Suggestion of Bankruptcy</u>**

Comes now Dvash Aviation Holdings, LLC ("Dvash"), by and through undersigned counsel, and respectfully suggests as follows:

1. On or about April 8, 2025, Joel Plasco ("Mr. Plasco") filed a petition for chapter 7 relief, pursuant to the allowances of Section 301 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), thereby commencing the matter of *In re Plasco*, being case number 25-10684-jpm in that court (the "Bankruptcy Case").

2. Dvash was not—and, to this day, still is not—scheduled as a creditor in the Bankruptcy Case and, as such, was not aware of the Bankruptcy Case until learning of it when counsel ran a public records check on Mr. Plasco in furtherance of efforts to serve a summons.

3. By virtue of Section 362 of Title 11 of the United States Code, the Bankruptcy Case acts as a stay against, *inter alia*, "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title 11 of the United States Code], or to recover a claim against the debtor that

arose before the commencement of the case under [Title 11 of the United States Code]. . ." 11 U.S.C. § 362(a)(1).

4. The above-referenced stay does *not* inhibit the above-captioned case as against David Alan Boyer ("Mr. Boyer"), Mr. Plasco's co-defendant herein, insofar as Mr. Boyer is not believed to be a debtor in bankruptcy. *See, e.g., In re Sunbeam Sec. Litig.*, 261 B.R. 534, 536 (S.D. Fla. 2001) ("The law makes clear (and no party disagrees) that the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors.") (citing *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509-10 (3rd. Cir. 1997) (quoting *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982)); *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491-93 (9th Cir. 1993); *Croyden Assocs. v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992); *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121-22 (4th Cir. 1988)).

5. Should there come a time when the foregoing stay expires, is lifted by the Bankruptcy Court, or is otherwise annulled, Dvash will seasonably notify this Honorable Court of the same.

WHEREFORE, Dvash respectfully prays this Honorable Court (i) recognize the above-captioned proceeding to be stayed as against Mr. Plasco, unless and until such a time as the stay expires, is lifted or is annulled; (ii) permit the above-captioned proceeding to continue as against Mr. Boyer; and (iii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully Submitted,

THE VERSTANDIG LAW FIRM, LLC

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig
Bar No. 76723
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
E-mail: mac@mbvesq.com
*Counsel for Dvash Aviation Holdings, LLC*